```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
    KENNY TOM,                                              :
                                                            :    MEMORANDUM DECISION AND
                                      Plaintiff,            :    ORDER
                                                            :
                  - against -                               :    20-cv-4781 (BMC)
                                                            :
                                                            :
    COMMISSIONER OF SOCIAL SECURITY,                        :
                                                            :
                                      Defendant.            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff seeks review of the decision of the Commissioner of Social Security, following a hearing before an Administrative Law Judge, that he is not "disabled" as defined in the Social Security Act for the purpose of receiving disability insurance benefits. The ALJ found that despite severe impairments of diabetes with neuropathy, post-surgical cardiac bypass surgery, asthma, psoriasis, hypertension, and obesity, plaintiff could perform his past relevant work as a service auditor.

Plaintiff's sole point of error relates to the ALJ's non-acceptance of the medical source statement of his treating internist, Dr. Zova Liu – plaintiff contends that pursuant to the treating physician rule, the ALJ should have given that opinion controlling weight, or at least explained in more detail why she was rejecting it.[1]

One thing that is clear from the ALJ's decision is that she did not ignore either Dr. Liu's opinion or her records of treating plaintiff. The ALJ discussed both at some length and rejected most of Dr. Liu's medical source statement for the following reasons:

---

[1] There are actually two physicians named Liu in this record. Plaintiff treated with an internist, Zova Liu, beginning in 2014 for the duration of this record in 2019. In 2018, Dr. Zova Liu referred plaintiff for diabetes management to an endocrinologist, Dr. Lisen Liu, who treated plaintiff from May 2018 through August 2018.

> Dr. Liu opined that due to shortness of breath and chest discomfort, claimant can lift up to 10 pounds occasionally; sit, stand and walk one hour; can never climb, bend, balance, stoop, crouch, kneel and crawl; never reach; occasionally kneel, handle, push and pull; and avoid heights, chemicals, fumes, moving machinery, dust, humidity, temperature extremes, noise and vibration. This opinion mentions shortness of breath and chest discomfort as the underlying symptoms warranting the limitations in this opinion, but these symptoms are nowhere to be found in the record. Claimant has normal echo and stress testing and told doctors he has no palpitations upon exertion. Many records mention that claimant has good health, is stable and had no complaints. Therefore, he is able to do light work and this opinion is too restrictive.

Plaintiff argues that the ALJ's rejection of Dr. Liu's source statement on the grounds that it is "too restrictive" is not a "good reason[]", as is required, see 20 C.F.R. § 404.1527(c)(2), for not giving controlling weight to Dr. Liu's opinion. But plaintiff has taken the ALJ's conclusion out of context.

The ALJ did not assert in conclusory fashion that Dr. Liu's opinion was "too restrictive." As can be seen from the excerpt above, the observations identified by Dr. Liu in her medical source statement were "nowhere to be found in the record." The ALJ noted that plaintiff had normal echo and stress testing and had self-reported no palpitations when he exerted himself. The ALJ also noted that "many records" showed him to be in good health, stable, and with no complaints. Except in one minor respect discussed below, plaintiff does not argue that the ALJ was wrong in supporting her finding about Dr. Liu's report with these observations from the record, and my review of those records shows that the ALJ was correct.

Although plaintiff started treatment under Dr. Liu in 2014, it seems clear that plaintiff's condition substantially improved after he had quadruple bypass surgery in February 2017. Dr. Liu's opinion, however, did not keep up with those improvements. Despite relatively normal findings within a short time after his surgery, Dr. Liu's 2019 report found the need for severe restrictions, including that plaintiff could only occasionally lift up to 10 pounds and could stand, walk, or sit for one hour in an eight-hour workday. She further opined that plaintiff could never

perform postural activities and could only occasionally reach, feel/handle, push/pull, and that plaintiff must avoid heights, chemicals, fumes, moving machinery, dust, humidity, temperature extremes, noise, and vibrations. She opined that plaintiff had these limitations since January 2014. The basis for Dr. Liu's opinions, as stated in her opinion form, were not any objective medical tests, but observations or plaintiff's self-reporting of "shortness of breath"; "pain with lifting and carrying"; "chest discomfort"; "pain in joints"; "muscle weakness"; "gait imbalance with standing and walking"; "muscle spasm in legs with numbness and tingling" in both legs and feet "with prolong sitting indicating poor circulation"; and "decrease[d] range of motion and pain when lifting the right arm."

These observations are flatly inconsistent with, or at least they are nowhere mentioned in, Dr. Zova Liu's post-surgical treatment notes. Plaintiff points to only one instance in the record where, after his surgery, plaintiff complained of shortness of breath. That occurred on August 13, 2018, and the note was not made by Dr. Zova Liu, but by Dr. Lisen Liu (see fn. 1, supra). That day, plaintiff had seen Dr. Lisen Liu, and her treatment notes from the visit were benign, as they were throughout plaintiff's examinations by her in the late spring and early summer of 2018. Specifically, Dr. Lisen Liu found that plaintiff's "heart rate is within normal limit; regular rhythm; first hears sound and second heart sound present; no murmurs/thrills." She further found "chest wall movement symmetric with respiration; no intercostal retraction; no tenderness/fremitus; breath sounds are clear; no rales/wheezing." She noted that plaintiff "denies neck pain or stiffness" and "denies shortness of breath, cough, hemoptysis, wheezes, or sputum production."

However, there is a one-line addendum at the bottom of the treatment note: "Addendum: 8/13/18 2:57:01 PM by LIU, LISEN. SOB AT NIGHT, CARDIOLOGY ASAP." It appears

3

what happened is that after his appointment, plaintiff called Dr. Lisen Liu back that same day and added a complaint of shortness of breath at night. But this complaint contradicts the findings of the cardiologist plaintiff saw the the same day, who noted that plaintiff had "no respiratory distress" and "normal respiratory rhythm and effort." Additionally, the cardiologist found plaintiff "stable" and that his "heart rate and rhythm were normal."

Further, when plaintiff saw Dr. Lisen Lui next on October 15, 2018, she made the same findings she had made on August 13th (and at every appointment she had with him previously) – heart, chest and lungs were all normal with no rales or wheezing; and no neck pain, joint pain, swelling, muscle weakness, or fatigue.

That one notation of shortness of breath after plaintiff's appointment with Dr. Lisen Liu on August 13, 2018 is not nearly enough to support Dr. Zova Liu's very restrictive opinion. Although the ALJ did not expressly find this, the treatment notes from both Drs. Liu are so contradictory to Dr. Zova Liu's opinion that it would not be a stretch to conclude that the opinion was sculpted to support plaintiff's disability claim.[2] Indeed, the last appointment reflected in the record with Dr. Zova Liu states that the purpose of plaintiff's visit was not medical treatment, but to obtain Dr. Liu's medical source statement for his disability claim.

For the same reason, plaintiff's alternative argument that even if Dr. Liu's opinion is not entitled to controlling weight under the treating physician rule, it is still entitled to deference, fares no better. Plaintiff asserts that the ALJ should have discussed each of the factors set forth in 20 C.F.R. § 404.1527(e), i.e., "examining relationship"; "treatment relationship"; "length of the treatment relationship"; "nature and extent of the treatment relationship"; "supportability";

---

[2] Dr. Lisen Liu's notes do contain several references to plaintiff having tingling in his hands and feet. As the ALJ noted, that is likely due to a well-documented history in of plaintiff's failing to comply with his diabetes medication regime.

"consistency"; "specialization"; and "other factors", including, for example, "the amount of understanding of our disability programs and their evidentiary requirements that a medical source has … ." Plaintiff does not proffer his own analysis of how those factors would point to acceptance of Dr. Liu's opinion; rather, his point is that the ALJ's decision is procedurally defective because the factors were not expressly discussed.

It is true that the ALJ did not tick off the factors in 20 C.F.R. § 404.1527(e). But her decision reflects that she was well aware of them. The opinion notes that Dr. Liu had been treating plaintiff since 2014. The ALJ recited the content of Dr. Liu's notes in some detail (as suggested above). The ALJ did not mention Dr. Liu's specialty, but it would be impossible to avoid observing from her treatment notes and medical source statement that she is an internist, which does not seem to have any particular probative value in weighing her opinion (although it does not mean it has less probative value). There is no showing in the record that Dr. Liu has any specialized knowledge of the social security disability program; I therefore do not see why the ALJ would have to mention that factor. And the ALJ explained in detail how Dr. Liu's opinion was inconsistent with virtually all of plaintiff's post-surgical treatment notes. That adequately covers the "consistency" factor in the regulation. It is thus clear that although she didn't use a checklist, the substantive analysis set forth by the ALJ covered the treatment relationship, its nature and extent, the lack of supportability of Dr. Liu's opinion, and the consistency of the treatment notes and the opinion. The opinion as a whole covers all or the great majority of the factors set forth in 20 C.F.R. § 404.1527(e).

Accordingly, for the reasons set forth above, plaintiff's motion for judgment on the

pleadings is denied, the Commissioner's cross-motion for judgment on the pleadings is granted, and the complaint is dismissed.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
November 12, 2021

6